## BALL & SOCKET FASTENER CO. v. BALL GLOVE FASTENING CO.

(Circuit Court of Appeals, First Circuit. February 21, 1894.)

No. 57.

On petition for rehearing. The facts are fully stated in the prior opinion of this court, reported in 7 C. C. A. 498, 58 Fed. 818.

Before PUTNAM, Circuit Judge, and NELSON, District Judge.

PUTNAM, Circuit Judge. The appellee filed, October 30, 1893, a petition for a rehearing in this cause, and a brief in support of it. The matters which it desired to reargue were two, and were stated in the following:

"Your honors, in considering the Mead buttonhole member, have mentioned, and apparently have considered, only one of the forms of this device as made by the appellant. The record discloses a number of forms of the Mead device, and it is only by an examination and knowledge of each and all of these buttonhole members that they can be considered as a whole, or separately. The appellee, your petitioner, does not believe it necessary to present arguments to change in any degree the construction given by your honors to the fourth claim of the Kraetzer patent No. 306,021; it desires the opportunity to present the various buttonhole members which the record discloses the appellant has made, and to show that, under the very construction which your honors have put upon this claim, it covers these devices. * * * In relation to Kraetzer patent, No. 290,067, it is respectfully desired to argue what the record discloses the 'eyelet' of that patent is."

The brief had prefixed to it a drawing showing the appellee's construction of what it styles the Mead fastener as made by the appellant with a so-called "perforate cap," and the Mead fastener as made

by appellant with a so-called "imperforate cap," and the brief stated that the court had apparently considered "only the Mead fastener with the perforate cap," and added:

"We ask you now to consider the Mead fastener with the imperforate cap, made almost, in the minutest detail, in accordance with the language of the fourth claim of the Kraetzer patent No. 306,021."

Thereupon the court entered the following order:

"The appellant and appellee may each, on or before January 1, 1894, file a brief on the question whether any of the various buttonhole members which the record discloses the appellant has made are covered by the construction the court has already put upon the fourth claim of the Kraetzer patent No. 306,021, and are within the contract of the parties; and upon the further question what the record discloses the 'eyelet' of Kraetzer patent No. 290,067 to be,—the briefs to be limited to the above questions, and to contain references to such parts of the record as each relies on in this connection; and the court will dispose of the matter on the briefs without oral or further argument, unless it shall hereafter otherwise order."

Under color of this order the appellee filed an elaborate brief, taxing the court with a new discussion of the larger part of the entire case, and closing with the proposition:

"There can be no question whatever that all of appellant's buttonhole members come within the second claim of patent 290,067."

The appellee, however, fails to point out any evidence in the record that the appellant manufactured fasteners with the imperforate cap, the appellant denies that there is any such evidence, and the court has been unable to find any. All the exhibits put in proof have the perforate cap. Therefore, we are not called on to consider any propositions based on that distinction.

With reference to the point touching the "eyelet" of the Kraetzer patent No. 290,067, which we permitted should be covered by the briefs referred to, because there was some confusion arising from the peculiar use of the word in the patent, the appellee now says that it was used to designate the buttonhole member as an entirety. This was the view taken by us; so that no further consideration need be given that topic. For that reason, and because the court, in its former conclusions, considered only the perforate cap, and there is no evidence in the record that appellant manufactured the imperforate cap, and without any intimation whether or not this distinction is essential, the petition for a rehearing must be denied.

The appellee has apparently proceeded on the theory that the issues in the case were with the Mead patent of September 8, 1885, some of the drawings attached to which show imperforate caps. This is erroneous, as the sole issues were with such fasteners only as the evidence in the record shows were manufactured by appellant.

The appellee also refers us to Fastener Co. v. Kraetzer, 150 U. S. 111, 14 Sup. Ct. 48. In our view, this decision tends to confirm the conclusion reached by us in the case at bar, because the supreme court (page 116, 150 U. S., and page 48, 14 Sup. Ct.) recognize "different principles" of construction as between the Mead fasteners and those constructed by Kraetzer as shown to that court, although the latter had the semblance of a button, on which the appellee re-

lies so much in this case, and an elastic ring, which answers for the Kraetzer eyelet, if the latter is to be so broadly construed as the appellee claims.

Petition for rehearing denied. Mandate according to the order entered October 27, 1893, may issue forthwith.